# In the United States Court of Federal Claims

No. 17-1946C

(Filed: August 27, 2018)

|  |  |
|---|---|
| **NICOLAS A. BOGGS, *et al.*,** ) | Claims under the Fair Labor Standards Act, |
| ) | 29 U.S.C. § 216(b); collective action by |
| **Plaintiffs,** ) | similarly situated employees; conditional |
| ) | certification; approval of notice |
| **v.** ) |  |
| ) |  |
| **UNITED STATES,** ) |  |
| ) |  |
| **Defendant.** ) |  |
| ) |  |
| ) |  |

Linda Lipsett, Bernstein & Lipsett, P.C., Washington, D.C., for plaintiffs.  With her were Jules Bernstein and Michael Bernstein, Bernstein & Lipsett, P.C., and Daniel M. Rosenthal and Alice Hwang, James & Hoffman, P.C., Washington, D.C.

Ashley Akers, Trial Attorney,  Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.  With her were Chad A. Readler, Acting Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director and Tara K. Hogan, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge.

Plaintiffs, Nicolas A. Boggs and 44 other individuals, are current or former employees of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BATF") who are or were employed as Industry Operations Investigators or Intelligence Research Specialists.  Seventh Am. Compl. ¶ 1, ECF No. 33.  They bring suit on behalf of themselves and all others similarly situated, seeking back pay, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act ( "the Act" or "FLSA"), 29 U.S.C. §§ 201-219.  Their claims are for violations of the overtime-pay requirements of the FLSA during the period from May 1, 2015 through April 30, 2018.

Pending before the court are two motions related to conditional certification of plaintiffs' claims as a collective action under Section 216(b) of the Act, 29 U.S.C. § 216(b), and in accord with *Hoffman-LaRoche, Inc., v. Sperling*, 493 U.S. 165 (1989).   Plaintiffs' motion for

conditional certification (Pls.' Mot.), ECF No. 26, has effectively been superseded by the parties' Joint Motion for Conditional Certification and Notice ("Joint Mot."), ECF No. 43.

## BACKGROUND[1]

Employees working in the two job titles at issue, Industry Operation Investigators (GS-1801) and Intelligence Research Specialists (GS-0132) at BATF, were classified and treated as exempt from the FLSA until the positions were reclassified as non-exempt on May 1, 2018. *See* Joint Mot. at 2. When classified as exempt, plaintiffs did not receive overtime pay at the rate of time and one-half their regular pay for overtime worked. *Id.* Instead, they received compensatory time for work in excess of eight hours each day, or 40 hours each week, or for hours beyond the work requirement of a Compressed Work Schedule as defined by 5 U.S.C. § 6121(5)(A). Seventh Am. Compl. ¶ 56. That compensatory time was provided at the rate of one hour of compensatory time for each hour of overtime worked. Seventh Am. Compl. ¶ 56.

Plaintiffs implicitly contend that persons holding positions as Industry Operations Investigators and Intelligence Research Specialists are "similarly situated" within the meaning of Section 216(b) of the FLSA and thus constitute a suitable group for this collective action. *See* Seventh Am. Compl. ¶¶ 1, 5, 7-51. Employees in those categories were comparably compensated as exempt employees, Seventh Am. Compl. ¶¶ 52, 55-57, until BATF reclassified them earlier this year, Joint Mot. at 2.

## STANDARDS FOR DECISION

An action under the FLSA "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Plaintiffs in a FLSA collective action must "give[] [their] consent in writing to become such a party," and this consent must be "filed in the court in which such action is brought." 29 U.S.C. § 216(b). A collective action differs from a class action in that, among other things, it is not subject to the numerosity, commonality, typicality, and representativeness requirements set forth in Fed. R. Civ. P. 23, *see Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013) ("Rule 23 actions are fundamentally different from collective actions under the FLSA.") (citing *Hoffman-LaRoche*, 493 U.S. at 177-78); *Vengurlekar v. Silverline Techs., Ltd.*, 220 F.R.D. 222, 229 (S.D.N.Y. 2003), and its counterpart in this court, Rule 23 of the Rules of the Court of Federal Claims ("RCFC"). Rather, the threshold requirements governing an FLSA collective action are those described above, *viz.*, plaintiffs must be similarly situated, and they must opt in to the proposed action through the filing of consent. *See Hunter v. Sprint Corp.*, 346 F.Supp.2d 113, 117 (D.D.C. 2004). "Under the FLSA, . . . 'conditional certification' does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action

---

[1]The recitations that follow do not constitute findings of fact by the court. Instead, the recited factual elements are taken from the parties' pleadings and from the pending motions and exhibits. No factual disputes are involved.

only by filing written consent with the court." *Genesis Healthcare*, 569 U.S. at 75 (internal citations omitted).

The precise mechanism by which a collective action shall be certified is not specified in the FLSA. *See Hoffmann-LaRoche*, 493 U.S. at 170-72. As a result, different courts had adopted variant procedures to govern a collective action. *See Gayle v. United States*, 85 Fed. Cl. 72, 77 (2008) (identifying three methods for procedurally addressing collective actions, and describing those methods as "a two-step ad hoc approach," an approach that follows the requirements of Fed. R. Civ. P. 23, and an approach that follows the "spurious class action" that prevailed in the pre-1966 version of Fed. R. Civ. P. 23) (citations omitted). Over the past several decades, however, courts generally have employed a two-step approach in determining whether it is appropriate to certify a collective action in a given case. *See Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010); *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-47 (6th Cir. 2006); *Cameron-Grant v. Maxim Healthcare Servs.*, 347 F.3d 1240, 1243 (11th Cir. 2003); *Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1102-03, 1105 (10th Cir. 2001); *Dominick v. United States*, 135 Fed. Cl. 714, 716 (2017); *Barry v. United States*, 117 Fed. Cl. 518, 520-21 (2014); *Whalen v. United States*, 85 Fed. Cl. 380, 383 (2009); *Gayle*, 85 Fed. Cl. at 77. *But see McClendon v. United States*, No. 12-81C, 2013 WL 285584, at *1 & n.4 (Fed. Cl. Jan. 24, 2013) (declining to adopt the two-step approach and referring to the possibility of joinder under RCFC 20(a)); *Smith v. United States*, No. 13-161C, 2014 WL 3940494, at *2-3 (Fed. Cl. Aug. 11, 2014) (same). The two-step approach to certification involves a preliminary determination of whether the plaintiffs were subject to a common employment policy or plan, and then, after discovery, an opportunity for the defendant to decertify the collective action on the ground that the plaintiffs are not in fact similarly situated. *See Myers*, 624 F.3d at 554-55; *Cameron-Grant*, 347 F.3d at 1243 n.2; *Calvillo v. Bull Rogers, Inc.*, 267 F.Supp.3d 1307, 1310-11 (D.N.M. 2017); *Freeman v. MedStar Health, Inc.*, 187 F.Supp.3d 19, 23 (D.D.C. 2016); *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 159 (S.D.N.Y. 2014); *Heckler v. DK Funding, LLC*, 502 F.Supp.2d 777, 779 (N.D. Ill., 2007). Here, the named plaintiffs and the government accept the applicability of the two-step approach and seek to apply it to obtain a conditional certification of a similarly situated group and an approval of notice to be sent to other putative members of the group. *See* Joint Mot. at 1-3.

## ANALYSIS

The parties jointly ask the court to designate a group of similarly situated employees for conditional certification, such that the government may provide plaintiffs' counsel with the names and address of employees in the group and that an approved notice may be sent to the group. Joint Mot. at 3. Notably, although plaintiffs' complaint identifies two categories of employees, *i.e.*, Industry Operations Investigators and Intelligence Research Specialists, the proposed notice names two additional positions as being similarly situated, *i.e.*, Industry Operations Intelligence Specialists and Senior Operations Officers for Industry Operations Investigators. *Id.* The government thus has conditionally accepted "similarly situated" status for these four categories of employees.

Based on the materials of record, Industry Operations Investigators "review applications for firearms and explosives licenses by conducting inspections and background investigations

and interviewing applicants" and "prepare the appropriate documentation for all inspections and investigations." Pls.' Mot. Ex. A; *see also id.* Ex. I (excerpting the BATF website at https://www.atf.gov/careers/becoming-industry-operations-investigator). Correspondingly, Intelligence Research Specialists participate in investigations of "individuals or groups involved in firearms and narcotics trafficking, arson rings, and other organized crime groups." *Id.* Ex. D; *see also id.* Ex. J (excerpting the BATF website at https://www.atf.gov/careers/intelligence-research). The two category of employees to be added by the notice have related or more senior responsibilities.

In seeking conditional certification and approval of notice, the parties are not requesting that the court "resolve factual disputes, decide substantive issues, or make credibility determinations." *Gayle*, 85 Fed. Cl. at 77 (quoting *Lynch v. United Servs. Auto. Ass'n*, 491 F.Supp.2d 357, 368 (S.D.N.Y. 2007). If plaintiffs are able to satisfy the "similarly situated" step, the collective action will be conditionally certified and notice may be sent to potential collective action plaintiffs. *See Castillo v. P & R Enters., Inc.*, 517 F.Supp.2d 440, 445 (D.D.C. 2007). "Plaintiffs may satisfy their evidentiary burden by demonstrating that 'the pleadings, affidavits, and other available evidence support the conclusion that potential class members are similarly situated.'" *Whalen*, 85 Fed. Cl. at 384 (quoting *Gayle*, 85 Fed. Cl. at 76) (in turn citing *Cuzco v. Orion Builders, Inc.*, 477 F.Supp.2d 628, 632 (S.D.N.Y. 2007)); *see also Benavides v. Serenity Spa NY Inc.*, 166 F.Supp.3d 474, 478 (S.D.N.Y. 2016); *Ayala v. Tito Contractors*, 12 F.Supp.3d 167, 170 (D.D.C. 2014). If this "modest factual showing" has been made, *Hoffman v. Sbarro, Inc.*, 982 F.Supp. 249, 261 (S.D.N.Y. 1997), then the court may certify the collective action and approve and authorize notice to be sent to potential collective action plaintiffs. *Ayala*, 12 F.Supp.3d at 170; *Castillo*, 517 F.Supp.2d at 449-50. The court concludes that the requisite evidentiary showing has been made and that the collective action may be certified.

Additionally, the court is satisfied that the proposed notice is neutral in its terms and "avoid[s] even the appearance of judicial endorsement . . . of the action." *Gayle*, 85 Fed. Cl. at 80 (quoting *Hoffman-LaRoche*, 493 U.S. at 174); *see also Irvine v. Destination Wild Dunes Mgmt., Inc.*, 132 F.Supp.3d 707, 711 (D.S.C. 2015). It also informs potential plaintiffs that they may be deposed or required to testify, sets out the arrangements for attorneys' fees and costs, and notifies potential plaintiffs that they have the right to be represented by an attorney of their choice. *See Salomon v. Adderly Indus., Inc.*, 847 F.Supp.2d 561, 566-67 (S.D.N.Y. 2012). The parties propose that the notice be provided by mail, together with an enclosed self-addressed, stamped envelope to each potential plaintiff, using addresses supplied by the government. Joint Mot. at 3. If delivery by mail is not successful, a further attempt to provide notice will be made by electronic means, using e-mail addresses provided by the government. *Id.* If delivery of the notice still cannot be achieved, the parties have agreed to confer regarding additional possible means of locating potential plaintiffs. *Id.* Upon a finding that the terms of the notice and means of delivery are appropriate, the court approves the notice and the arrangements for providing that notice to potential plaintiffs. *See Irvine*, 132 F.Supp.3d at 711.

After notice has been given and subsequent discovery has been concluded, the government may move to decertify the collective action, in whole or in part. This second step, if invoked, would proceed on the ground that the collective-action plaintiffs are not similarly situated. *See, e.g., Gayle*, 85 Fed. Cl. at 77-78, *Hunter*, 346 F.Supp.2d at 117. The second step

would require the court "to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis." *Heckler*, 502 F.Supp.2d at 779.  That determination would be made under a more demanding evidentiary criterion.  *See Davis v. Charoen Pokphand (USA), Inc*., 303 F.Supp.2d 1272, 1276 (M.D. Ala. 2004).

## CONCLUSION

The parties' Joint Motion is GRANTED.[2]  The court conditionally certifies a collective action for employees of BATF in the following categories: Industry Operations Investigators, Intelligence Research Specialists, Industry Operations Intelligence Specialists, and Senior Operations Officers for Industry Operations Investigators.  The court also approves the form of notice proposed by the parties to be provided to potential plaintiffs, and it similarly approves the arrangements proposed for providing that notice to pertinent employees.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge

---

[2]Plaintiffs' earlier motion for conditional certification has been superseded and shall be deemed withdrawn.